UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGITAL SINS, INC., | ) ) ) Case No. 11-CV-8170-CM ) (ECF CASE) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| JOHN DOES 1-245 | ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN DOE 148's MOTION TO DISMISS OR SEVER THE MATTER, QUASH, AND FOR A PROTECTIVE ORDER**

Yasha Heidari
Georgia Bar No. 110325
Attorney for Defendant John Doe 148
Heidari Power Law Group LLC
P.O. Box 79217
Atlanta, Georgia 30357
telephone:    404-939-2742
facsimile:    404-601-7852
email: yasha@hplawgroup.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................2

SPECIAL APPEARANCE....................................................................................................4

PROCEDURAL HISTORY...................................................................................................4

BACKGROUND...................................................................................................................4

ARGUMENT AND CITATION OF AUTHORITY.............................................................8

      I.      PLAINTIFF FAILS TO MAKE A PRIMA FACIE SHOWING ALLEGING PERSONAL JURISDICTION OVER THE DOE DEFENDANTS.......................8

      II.     PLAINTIFF HAS IMPROPERLY JOINED 245 INDIVIDUALS FOR DISTINCTLY SEPARATE TRANSACTIONS AND OCCURRENCE...............11

      III.    THE SUBPOENA MUST BE QUASHED, OR AT A MINIMUM, A PROTECTIVE ORDER SHOULD BE ISSUED..................................................17

CONCLUSION....................................................................................................................19

## **TABLE OF AUTHORITIES**

### **CASES**

*Alexander Grant & Co. Litigation,* 820 F.2d 352, 355-56 (11th Cir. 1987)................................18

*Alexander v. Fulton County, Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000).............................12

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).........................................................9,11,12,14,17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007)...................................9,11,12,14,17

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007)..................................................8

*BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004).................................14, 18

*BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006)....................15

*Boy Racer, Inc. v. Does 1-60*, No. C 11-01738 SI (N.D. Cal. Aug 19. 2011)..........................15,18

*Diabolic Video Productions, Inc. v Does 1-2099*, No. 10-cv-5865-PSG (N.D. Cal, 2010).5, 7, 18

*Digiprotect USA Corp. v. Does 1-240*,
No. 10 Civ. 8760 (S.D.N.Y., 2011).............................................................7, 8, 10, 11, 15-16, 18

*Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759 (S.D.N.Y., 2011).........7, 8, 9, 10, 11, 18

*Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000)...............................................8

*Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, (M.D. Fla. 2004)..................15

*IO Group, Inc. v. Does 1-435*,
No. 10-4382, 2011 WL 1219290; (N.D. Cal. Jan. 10, 2011)..................................................15, 18

*K-Beech, Inc., v John Does 1-85*, No. 3:11cv469-JAG (E.D. Va., Oct. 5, 2011)...............6, 10, 13

*Laface Records, LLC v. Does 1-38*, 2008 WL 54992; (E.D.N.C. Feb. 27, 2008)...................15, 18

*Lightspeed v. Does 1-1000*, No. 10 C 5604 (N.D. Ill. March 31, 2011)................................15, 18

*McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989) ….........................18

*Millennium Tga Inc. v. Does 1-21*, No. 11-2258 SC (N.D. Cal. May 12, 2011)....................15, 18

*On the Cheap, LLC v Does 1-5011*, No 3:10-cv-04472-BZ (N.D. Cal Sept 6, 2011)............15, 18

*Patrick Collins, Inc, v. Does* 1-1,219, Case 4:10-cv-04468-LB (D. Cal. 2011)......................6, 18

*Patrick Collins, Inc. v Does 1-118*, No. 3:10-CV-92 (N.D.W.V. 2010)............................7, 14, 18

*Patrick Collins, Inc. v Does 1-281*, No. 3:10-CV-91 (N.D.W.V. 2010)..................................7, 18

*Penguin Group Inc. v. Am. Buddha*, 946 N.E.2d 159, 176 (NY 2011)..........................................9

*Raw Films, Ltd., v John Does 1-32*, No. 3:11cv532 (E.D. Va., Oct. 5, 2011)................6, 7, 15, 18

*West Coast Productions v. Does 1-2010*, No. 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010)......15, 18

FEDERAL STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 20..................................................................................................12
Fed. R. Civ. P. 21..................................................................................................14

Defendant John Doe 148 (69.86.167.119)(hereinafter, "Doe" or "Defendant"), by and through a special appearance, respectfully submits this Memorandum of Law in Support of Defendant John Doe 148's Motion to Dismiss or Sever the Matter, Quash, and for a Protective Order ("Memorandum").

## SPECIAL APPEARANCE

Defendant denies being subject to the jurisdiction of this honorable Court, and reserves all arguments and defenses pertaining to lack of jurisdiction.

## PROCEDURAL HISTORY

Plaintiff filed this instant action against 245 unidentified defendants with a tenuous assertion that over a period of 2 months, the 245 defendants at one point allegedly shared a hardcore pornography film via the internet utilizing a file sharing protocol known as BitTorrent. On November 17, 2011, an order was entered by this Court on Plaintiff Digital Sins, Inc.'s ("Digital Sins") unopposed motion, which allowed Plaintiff to serve subpoenas on the Internet Service Providers ("ISPs") of the 245 defendants. Defendant was notified of this matter through its ISP, Earthlink, which informed Defendant that its personal information had been subpoenaed by Plaintiff. Defendant now files this Motion and Memorandum of Law.

## BACKGROUND

Imagine sitting at home one day, and opening the mail. You receive a letter from a law firm which says that you are about to be sued for copyright infringement for allegedly sharing

the movie "My Little Panties 2". The letter states that you can settle the case for $1,500 within the next week, or face being served with a lawsuit for $250,000, punitive damages, and host of other fees and costs. You think the letter has to be a mistake because you barely use the computer and you certainly don't watch pornography, and aside from your spouse of 38 years, no one lives in your household. Unfortunately, it is not a mistake. You call a local attorney, who informs you that because this case will be pending across the country, he is without power to represent you. You then call numerous other attorneys, most of whom are not knowledgeable about intellectual property law or copyright infringement. You finally call an attorney that is knowledgeable about the subject, and he states that although he can defend you, his initial retainer will be about 3 times the amount the letter offered for settlement. He also warns you that there is a likelihood that if the action is filed, when individuals search your name on any major search engine, the pleading alleging you shared the movie "My Little Panties 2" is going to show up and will likely be one of the first results to appear. He advises you to simply settle the lawsuit, despite the fact that you have done nothing wrong. Such is the fate that awaits the 245 anonymous defendants in this action.

   The Plaintiff in this lawsuit has instituted a lucrative scam at taxpayers' expense, where it initiates sham legal proceedings based on tenuous allegations, against anonymous defendants who deny any wrongdoing, in the hopes of extracting quick and easy settlements from the defendants. Similar plaintiffs have filed thousands of similar doe lawsuits across the country, sometimes acting alone, and sometimes joined by a bevy of other questionable plaintiffs.[1] After the suit is filed, the defendants are given the opportunity to settle the matter for approximately $2,000.00, or face the prospects of an uncertain legal battle where the cost of defending the

---

1  *See, e.g., Patrick Collins Inc., K-Beech Inc., Raw Films Ltd., Diabolic Video Productions Inc., et al., v Does 1-1,544,* in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 11-24714 CA 22.

lawsuit will greatly overshadow any offer for settlement. From a cost-benefit perspective, it makes sense for a defendant to settle this lawsuit even if the defendant engaged in no wrongdoing, just as the Doe in this instant Motion.

In an almost identical civil action, prior to quashing all subpoenas and issuing an order to show cause to why the plaintiff's and its counsel should not be sanctioned, a federal court described the underlying conduct as follows:

> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.[2]

Likewise, in describing the behavior of the plaintiff prior to dismissing its action in a similar case, the Honorable Judge Beeler of the U.S. District Court for the Northern District of California, elucidated that the "plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases," and that the Plaintiffs have been abusing the court system in order to facilitate their scheme.[3] The Eastern District of Virginia issued an almost identical ruling regarding Raw Films, Ltd., and required Raw Films and its counsel to show cause as to why it should not be sanctioned.[4] Indeed, there is no shortage of cases across the country where the affiliates of Plaintiff**,** as well as similar plaintiffs, have had their complaints dismissed or severed, had the subpoenas quashed, and face sanctions for

---

2 Memorandum Order, *K-Beech, Inc., v John Does 1-85*, No. 3:11cv469-JAG (E.D. Va., Oct. 5, 2011). A true and correct copy of said Order is hereto attached as **Exhibit "A"**.
3 Order Dismiss. Comp., *Patrick Collins, Inc, v. Does 1-1,219*, Case 4:10-cv-04468-LB (D. Cal. Aug. 29, 2011).
4 *Raw Films, Ltd., v John Does 1-32*, No. 3:11cv532 (E.D. Va., Oct. 5, 2011). It is also worth noting that federal courts have sanctioned Patrick Collin's counsel upwards of $10,000.00 for filing unauthorized and improper subpoenas. *See, e.g., Mick Haig Productions, e.K., v Does 1-670*, No. 3:10-CV-1900-N (N.D.Tex. Sept. 9, 2011).

engaging in frivolous litigation.[5]

The Plaintiff's joining of 245 defendants in this action is an abuse of the judicial system. The only unifying factor in this case and only alleged reason for joining the defendants is defendants allegedly all utilized BitTorrent. BitTorrent is a file sharing protocol, which Plaintiff alleges the Doe defendants used to share and commit copyright infringement on a pornographic film. As the Northern District of California held in dismissing a similar action, the notion of utilizing the same peer-to-peer network such as through BitTorrent is insufficient to justify the joining of numerous defendants in a single suit. **In this present action, the Plaintiff alleges that the separate defendants shared a pornographic film in separate and isolated incidents that spanned the course of over 59 days.** Now, the Plaintiff, who has had its and its affiliates' actions dismissed throughout the nation for improper joinder of defendants and abuse of the court system, has the gall to file yet another suit and compound the very problems for which it has been sanctioned in the past.

The real reason for joining 245 defendants in a single suit, however, is not because the defendants allegedly engaged in tortious conduct together-- rather, it is so the Plaintiff can circumvent having to file separate lawsuits in the proper venue and avoid having to pay separate filing fees. Indeed, for the Plaintiff, it is the difference in paying $350.00 as a filing fee for this action, or paying $85,750.00 in filing fees had the case been filed properly against the 245

---

5   *Id*; Order Dismiss. Comp., *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759 (S.D.N.Y., 2011); a true and correct copy of the Order is hereto attached as **Exhibit "B"**; Order, *Patrick Collins, Inc. v Does 1-118*, No. 3:10-CV-92 (N.D.W.V. 2010); a true and correct copy of said Order is hereto attached as **Exhibit "C"**; *Patrick Collins, Inc. v Does 1-281*, No. 3:10-CV-91 (N.D.W.V. 2010)(all defendants except Doe 1 severed and all subpoenas quashed); *Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760 (S.D.N.Y., 2011) (dismissing action and closing case) true and correct copy of said Order is hereto attached as **Exhibit "D"**; *Diabolic Video Productions, Inc. v Does 1-2099*, No. 10-cv-5865-PSG (N.D. Cal, 2010) (severing all defendants against Doe 1); *Raw Films, Ltd., v John Does 1-32*, No. 3:11cv532 (E.D. Va., Oct. 5, 2011)(severing all defendants and quashing all subpoenas, and ordering plaintiff to show cause as to why it should not be sanctioned).

defendants separately. Likewise, the Plaintiff's strategy relies on making fighting an action as costly as possible for the defendants. By taking a shotgun approach and attacking a vast number of defendants, Plaintiff can ensure economic feasibility of its deplorable lawsuits so long as a few defendants settle the matter.

Nonetheless, Defendant has filed this instant Motion and requests that this Court follow courts throughout this nation by halting frivolous lawsuits like this one.  In particular, Defendant will demonstrate and request this Court (1) dismiss the action against the Defendant and to the extent the action is not dismissed, sever the Defendant from this action because a *prima facie* showing of personal jurisdiction has not been made and the 245 defendants in this suit all have different facts surrounding their alleged infringement and have differing interests in this litigation; and (2) quash the subpoena seeking the personal information of Defendant, or in the alternative, grant a protective order preventing the disclosure of any information obtained through a subpoena.

**ARGUMENT AND CITATION OF AUTHORITY**

I.  <u>PLAINTIFF FAILS TO MAKE A PRIMA FACIE SHOWING ALLEGING PERSONAL JURISDICTION OVER THE DOE DEFENDANTS</u>

In the present case, Plaintiff fails to make even a *prima facie* demonstration of personal jurisdiction over the Defendants.  The Court may deny discovery if the plaintiff cannot make a *prima face* case for personal jurisdiction over a defendant.[6] When ascertaining whether jurisdiction is proper, the Court applies the law of the forum state.[7]  The relevant portion of New York's long-arm statute, C.P.L.R. 302(a)(3)(ii), requires that a defendant should expect or should

---

6  *Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760 (S.D.N.Y., 2011); *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759(S.D.N.Y., 2011); *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007).
7  *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000).

reasonably expect his or her actions to have consequences in New York prior to said defendant being subject to jurisdiction in New York; similarly, the due process clause of the United States Constitution requires that an out-of-state defendant has the requisite "minimum contacts" with the forum state to ensure the suit comports with "traditional notions of fair play and substantial justice."[8]

Equally significant, as the United States Supreme Court has recently elucidated, a complaint requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.[9]  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true, and the complaint must assert plausible grounds for relief.[10]  Moreover, "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of the purported wrongdoing]".[11] As the Court went on to explain, something beyond the mere possibility of a cause of action must be alleged, lest a plaintiff with "a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  As such, complaints that fail to meet such threshold should be dismissed in advance of the discovery process.[12]

In the present case, the Plaintiff has the burden of pleading that jurisdiction is proper. Despite this, even with the most favorable reading of Plaintiff's Complaint, the Complaint does not assert anything beyond mere legal conclusions, and it certainly does not assert plausible

---

8  *Penguin Group Inc. v. Am. Buddha*, 946 N.E.2d 159, 176 (NY 2011); *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759(S.D.N.Y., 2011).
9  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
10 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
11 *Id.*
12 *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 & 1953 (2009).

grounds for relief against the Defendants. It does not allege any facts that would lead one to believe that the long-arm jurisdiction is satisfied, nor does the Complaint allege any facts that would lead one to believe that Defendants possess sufficient minimum contacts with New York to satisfy constitutional due process requirements. The notion that an allegation that Defendants are part of the same "swarm" for any alleged file sharing has been expressly rejected by Courts throughout the country as a basis of conferring jurisdiction.[13] As such, as the Supreme Court has indicated, discovery pertaining to the Defendants must not be allowed to proceed and the action should be dismissed. Indeed, the underlying rational elucidated by the Supreme Court is applicable here: namely, allowing this matter to proceed will allow a largely groundless claim be allowed to take up the time of a number of people, and shall represent an *in terrorem* increment of this action's settlement value.

This Court would not be the first to dismiss the Plaintiff's lawsuits for failure to make a *prima facie* showing of personal jurisdiction. Indeed, the District Court for the Southern District of New York has dismissed similar John Doe lawsuits involving the alleged file sharing of pornography due to improper jurisdiction.[14] This Court, in analyzing whether sufficient contacts were met to confer jurisdiction under New York's long arm statute, ultimately concluded that jurisdiction was not proper by relying on a due process analysis. Judge Griesa explained that, even assuming *arguendo* willful copyright infringement occurred:

> Digiprotect has made no showing the Doe defendants expected or should have expected their downloading of this film to have consequences in New York, particularly when the producer of the film is located in California. Furthermore, Digiprotect surely has no basis from which to allege that the unknown defendants derived substantial revenue from interstate or international commerce. Since Digiprotect can thus make no *prima facie* showing of long-arm jurisdiction over out-of-state defendants, it is left with only those

---

13 *See e.g., K-Beech, Inc., v John Does 1-85*, No. 3:11cv469-JAG (E.D. Va., Oct. 5, 2011).
14 *Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760 (S.D.N.Y., 2011); *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759 (S.D.N.Y., 2011).

defendants present in the jurisdiction, over whom the court has in personam jurisdiction.[15]

Judge Crotty made a similar ruling, and subsequently dismissed the entire case.[16]

Likewise, in this case, even if the alleged file sharing took place (which is a fact Defendant vehemently deny), there is simply no way it could be argued that Defendant had a reasonable expectation that he would be hailed into New York to such that it would satisfy a due process analysis. Even an examination of the case caption and Plaintiff's' pleadings sets forth that the Plaintiff is from California. It is worth noting that in aforementioned *Digiprotect* cases, the plaintiff Digiprotect was a company that was assigned the right to bring suit from a California company. In this particular case, no assignment even occurred. Accordingly, there is quite simply no way that Plaintiff can argue Defendant could have been expected to be hailed to New York, even *if* Defendant shared Plaintiff's film (which did not occur). Likewise, because Plaintiff does not even know the identify of Defendant, Plaintiff lacks the ability to form a basis to make a good faith assertion that Defendant has availed himself of the privilege of doing business in New York. In light of recent United States Supreme Court jurisprudence, the Plaintiff's Complaint falls far short of providing plausible grounds for the relief it seeks, much less provides for factual allegations that raise a right to relief above the speculative level.[17]

II. PLAINTIFF HAS IMPROPERLY JOINED 245 INDIVIDUALS FOR DISTINCTLY SEPARATE TRANSACTIONS AND OCCURRENCES

Plaintiff has not and cannot bind together the 245 individuals who make up the John Does in this case. It is difficult to envision a situation where bringing suit against 245 separate

---

15 Order Dismiss. Comp., *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759(S.D.N.Y., 2011).
16 *Digiprotect USA Corp. v. Does 1-240,* No. 10 Civ. 8760 (S.D.N.Y., 2011).
17 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

defendants in a single suit would be proper. While the courts generally allow the joining of parties for claims involving the same transaction and occurrence in the interest of facilitating judicial economy, judicial economy is not facilitated by joinder in this action: only the Plaintiff's economic interest is facilitated by joining 245 defendants in this suit. Aside from the fact that Plaintiff falsely alleges that Defendant traded a part of a pornographic movie using BitTorrent, the defendants do not share any common facts or interests. The Plaintiff does not even allege that defendants share the same BitTorrent client, seeder, or torrent site.

There are two requirements for proper joinder: there must be a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences, and there must be a question of law or fact common to all of the defendants which will arise in the action.[18] Both these requirements must be satisfied.[19] As discussed above and elucidated by the Supreme Court, a complaint requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.[20]

In the present case, the Plaintiff has the burden of pleading that joinder is proper. Despite this, even with the most favorable reading of Plaintiff's Complaint, the Complaint does not assert anything beyond mere legal conclusions, and it certainly does not assert plausible grounds for relief against the Doe defendants. It does not allege any facts that would lead one to believe that the defendants acted in concert, worked together, or took any action that would constitute the same transaction or occurrence. The only similarity is that defendants allegedly infringed on the same pornographic movie, albeit on different days, different times, and different ways.

In the instant action, Plaintiff's crucial allegation that defendants are all part of the same

---

18 Fed. R. Civ. P. 20.
19 Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).
20 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"swarm" is unsupported and Plaintiff proffers a sample of what a swarm is supposed to be like, instead of offering evidence of the alleged actual swarm in this case. In fact, all of Plaintiff's so called technical specialist's methods, sweeping allegations, and hyperbolic liberties it takes with reaching accusatory conclusions, should be noted and called into question. Also noteworthy is the fact that the supposed Affidavit by Jon Nicolini cannot be found on the docket. Nonetheless, the allegation that defendants are part of the same "swarm" for any alleged file sharing, which would confer joinder, has been expressly rejected by Courts throughout the country as a basis of conferring joinder.[21]

Furthermore, the John Does do not represent individuals but instead, they represent IP addresses, which will later be used to point to the owner of the IP address. The owner of the IP address might still not be a person, as it can very likely be a coffee shop, university, library, or any other business entity that uses the internet. A single IP address can be used by thousands of people, as in the case of a coffee shop or library-- or it can be used by a small group of people, such as in the case of a home internet system. In many instances, internet users who lack technological savvy may not know how to protect their IP addresses from being used by others, and are unaware of the use of their IP address by others. However, Plaintiff's subpoena will provide the name of the individual associated with the IP address, and that person will be accused of copyright infringement of hardcore pornography, regardless of the person's actual role in the internet usage. Needless to say, when accusing individuals of copyright infringement is done in such an arbitrary and unrefined manner, there is no reasonable basis to assert that the defendants acted in concert with each other.

Plaintiff has haphazardly accused 245 individuals of acting in concert with each other, simply because they all allegedly have the use of BitTorrent and the sharing of a film in

---

21 *See e.g., K-Beech, Inc., v John Does 1-85*, No. 3:11cv469-JAG (E.D. Va., Oct. 5, 2011).

common. Because the Plaintiff has not even made a *prima facie* showing that joinder is proper, as the Supreme Court has indicated, discovery pertaining to the defendants must not be allowed to proceed in this action. Indeed, the underlying rationale elucidated by the Supreme Court is applicable here: namely, allowing this matter to proceed will allow a largely groundless claim to take up the time of a number of people, and shall represent an *in terrorem* increment of this action's settlement value.[22]

Additionally, at a minimum, when a party is misjoined in an action, any claim against a party should be severed and proceeded with separately.[23] As one example, in a West Virginia action, the District Court severed the action against all Doe defendants.[24] The West Virginia Court elucidated that evidence of misjoinder is found in the undeniable fact that, among others, each defendant would have completely separate and distinct factual scenarios surrounding each alleged infringement.[25] The West Virginia Court subsequently severed all defendants in the lawsuit, quashed all subpoenas except the subpoena for John Doe 1, and allowed the Plaintiff to file amended complaints (and required separate filing fees) regarding the remaining 117 Doe defendants.[26]

The West Virginia actions, however, are not alone. For instance, federal courts have previously severed multiple defendants *sua sponte* where the only similarity between the defendant is the use of the same internet service provider and file sharing protocol to allegedly share files.[27] A number of other courts have made the same order requiring the severing of

---

22 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 & 1953 (2009).
23 See Fed. R. Civ. P. 21.
24 Order, *Patrick Collins, Inc. v Does 1-118*, No. 3:10-CV-92 (N.D.W.V. 2010).
25 *Id.*
26 Order, *Patrick Collins, Inc. v Does 1-118*, No. 3:10-CV-92 (N.D.W.V. 2010); *see BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004).
27 *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, (M.D. Fla. 2004); *see BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006).

defendants in similar file sharing lawsuits.[28] They all elucidate the rationale that is present in this matter. In a similar case, a Illinois court notes:

> There are no facts to support the assertion that defendants conspired with each other to reproduce plaintiffs works... and the allegations that defendants simply used the same peer-to-peer network to download plaintiff's works-on many different days at many different times-is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action.[29]

Many of these courts have applied their holding to the BitTorrent protocol, reject Plaintiff's attempt to differentiate BitTorrent from other file sharing, and note that there is no difference between BitTorrent and any standard peer-to-peer network.[30]

Even more significant, the Southern District of New York, in the previously discussed DigiProtect cases, also explicitly rejected the reasons asserted for joinder in this instant action. As discussed by Judge Crotty:

> For the same reasons, DigiProtect cannot join hundreds of individuals in a single case by alleging that they infringed the same copyright by illegally downloading the same movie, albeit in separate instances. The swarming capacity of peer-to-peer networks alone does not mean that John/Jane Does actually engaged in "the same transaction, occurrence, or series of transactions or occurrences," as required by Fed. R. Civ. P. 20(a)(2)(A). ... Any repleading by DigiProtect must be based on specific factual allegations connecting these

---

28 *Millennium Tga Inc. v. Does 1-21*, No. 11-2258 SC (N.D. Cal. May 12, 2011)("Plaintiff must prove that the facts alleged--if assumed to be true--could 'plausibly give rise to an entitlement to relief.'... Plaintiff fails to make the required showing... This Court does not issue fishing licenses."); *Boy Racer, Inc. v. Does 1-60*, No. C 11-01738 SI (N.D. Cal. Aug 19. 2011)("The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants"); *IO Group, Inc. v. Does 1-435*, No. 10-4382, 2011 WL 1219290; (N.D. Cal. Jan. 10, 2011); ("The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy... this issue goes to the plaintiff's interests, not the court's.") ; *On the Cheap, LLC v Does 1-5011*, No 3:10-cv-04472-BZ (N.D. Cal Sept 6, 2011) ("If I allow this matter to proceed... it will create a logistical nightmare with hundreds if not thousands of defendants filing different motions, including dispositive motions, each raising unique factual and legal issues that will have to be analyzed one at a time."); West Coast Productions v. Does 1-2010, No. 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010)("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."); *Laface Records, LLC v Does 1-38*, 2008 WL 54992; (E.D.N.C. Feb. 27, 2008).

29 *Lightspeed v. Does 1-1000*, No. 10 C 5604 (N.D. Ill. March 31, 2011).

30 *See e.g., Raw Films, Ltd., v John Does 1-32*, No. 3:11cv532 (E.D. Va., Oct. 5, 2011).

>defendants to the same specific swarming transaction, or series of transactions, to support their joinder. Otherwise, the only "commonality" is that "each commit[ted] the exact same violation of the law in exactly the same way." The current allegations are inadequate to support joinder.

*Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760, fn 3 (S.D.N.Y., 2011)(internal quotations and citations omitted).  It is further worth noting that Plaintiff claims that the defendants have been properly joined "as set forth in detail below and in Exhibit B", but no where in the docket does this Exhibit exist.  (This same omitted Exhibit "B" in Plaintiff's Complaint also purportedly sets out the grounds for jurisdiction.)

    The issue of misjoinder of defendants is quite apparent with this action. There is no conceivable way a joint judgment could be obtained against the unrelated John Doe defendants. The factual scenarios involved for the defendants are all distinct. Solely by way of example, John Doe 1 could have shared absolutely no files, John Doe 2 could own a public computer in a coffee shop, John Doe 3 could have had her computer utilized by her minor child, and at least 242 other factual scenarios exist in this matter.  Plaintiff itself admits that people may download any of a myriad of BitTorrent clients.  It is an unforgivable stretch of the imagination to claim that two individuals who allegedly partook in a substantially similar activity in the course of 2 months are properly joined defendants. This is akin to a grocery store suing together all the people that it thinks stole groceries from the store for over a period of two months, and then accusing all the alleged thieves of working together.

    Moreover, the defendants do not know each other, they reside in different locations, each has been accused of downloading in a different manner on different days at different times. Each would likely file separate dispositive motions, and aside from their disliking Plaintiff for instituting this sham proceeding, share no common interests or facts. In this action, there are

literally 245 separate and distinct factual scenarios, occurrences, and contexts among each allegation of copyright infringement.

Indeed, by filing this action, pursuant to Federal Rules of Civil Procedure, Rule 11, the Plaintiff's attorney certifies, *inter alia*, that the pleading is not being presented for any improper purpose, that the legal contentions are warranted by existing law, and that the factual contentions have evidentiary support. Despite this certification, had Plaintiff's counsel conducted a bare minimum of due diligence prior to filing this action, it would have been apparent that the Plaintiff has been sanctioned for engaging in this exact same conduct in the past.  The filing of a lawsuit with 245 defendants regarding allegations of 245 distinct and separate actions spanning over months, and where Plaintiff has been sanctioned for the exact same conduct in the past, calls into serious question whether Plaintiff complied with FRCP Rule 11.

Notwithstanding, in light of recent United States Supreme Court jurisprudence, the Plaintiff's Complaint falls far short of providing plausible grounds for the relief it seeks, much less provides for factual allegations that raise a right to relief above the speculative level.[31] Couple this fact with the issue that the Plaintiff has improperly joined 245 individuals in a single action, and this Court must sever the action against Defendant.

### III. THE SUBPOENA MUST BE QUASHED, OR AT A MINIMUM, A PROTECTIVE ORDER SHOULD BE ISSUED

Based on the issues detailed above, Defendant requests that the subpoena issued to its ISP be quashed by dismissing Defendant from this suit due to Plaintiff's misjoinder and failure to make a *prima facie* showing of personal jurisdiction, or by implication of severing the Defendant from this suit.  This would follow the trend of other courts throughout the nation, all of which

---

31 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

have quashed subpoenas issued by Plaintiff or similar litigants due to the issues of misjoinder or lack of personal jurisdiction.[32]

Notwithstanding the foregoing, FRCP Rule 26(c) provides that, upon moving the Court and for good cause shown, the court may make any order to protect a party or person from issuing an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The discretion provided to the Court to prohibit or limit discovery is broad, and is merely reviewed on an abuse of discretion standard.[33] Moreover, because the potential for invasion of privacy is inherent in the litigation process, a court should act to protect the privacy of the affected person.[34]

In the present case, the risk to the Defendant of annoyance, embarrassment, and oppression, is extraordinarily high. Plaintiff produces explicit hardcore pornographic films. Even though the Defendant denies sharing any such film, the Defendant faces an inherent risk of embarrassment if its name is associated with the alleged sharing of such a pornographic film. Indeed, Defendant's counsel has communicated with other individuals who proclaim their innocence, but nonetheless wish to settle this case simply to avoid the embarrassment and stigma of having their names attached to a pornographic film. As such, when an internet search for a

---

32 *Patrick Collins, Inc, v. Does 1-1,219*, Case 4:10-cv-04468-LB (D. Cal. 2011); *Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759 (S.D.N.Y., 2011); *Patrick Collins, Inc. v Does 1-118*, No. 3:10-CV-92 (N.D.W.V. 2010); *Patrick Collins, Inc. v Does 1-281*, No. 3:10-CV-91 (N.D.W.V. 2010); *Digiprotect USA Corp. v. Does 1-240*, No. 10 Civ. 8760 (S.D.N.Y., 2011); *Diabolic Video Productions, Inc. v Does 1-2099*, No. 10-cv-5865-PSG (N.D. Cal, 2010); *Raw Films, Ltd., v John Does 1-32*, No. 3:11cv532 (E.D. Va., Oct. 5, 2011); *BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004); *Millennium Tga Inc. v. Does 1-21*, No. 11-2258 SC (N.D. Cal. May 12, 2011); *Boy Racer, Inc. v. Does 1-60*, No. C 11-01738 SI (N.D. Cal. Aug 19. 2011); *IO Group, Inc. v. Does 1-435*, No. 10-4382, 2011 WL 1219290; (N.D. Cal. Jan. 10, 2011); *Lightspeed v. Does 1-1000*, No. 10 C 5604 (N.D. Ill. March 31, 2011); *On the Cheap, LLC v Does 1-5011*, No 3:10-cv-04472-BZ (N.D. Cal Sept 6, 2011); *West Coast Productions v. Does 1-2010*, No. 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010); *Laface Records, LLC v. Does 1-38*, 2008 WL 54992; (E.D.N.C. Feb. 27, 2008).
33 *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).
34 *See in re Alexander Grant & Co. Litigation, 820 F.2d 352, 355-56 (11th Cir. 1987).*

particular Defendant yields results indicating the individual allegedly shared obscene pornographic films such as the ones mentioned, then embarrassment and damage to an individual's reputation occurs the moment defendants' name is searched.  It does not matter that Defendant never shared such film (as is the case here), and it will not matter if Defendant is later vindicated upon an adjudication on the merits in any future case.  The Plaintiff in this action recognizes this, and uses this fact to facilitate and coerce settlements from individuals like Defendant who simply want to protect their name and the embarrassment and harassment of having their name associated with pornography.

Thus, at the very minimum, Defendant requests that any information pertaining to its identity remain sealed and confidential, or that the Court issue some other form of protective order to prevent annoyance, embarrassment, or oppression as justice requires.

## CONCLUSION

Plaintiff's instant action is an abuse of the judicial system and nothing more than an attempt to take advantage of the 245 defendants listed in this action. On one hand, Plaintiff attempts to circumvent traditional safeguards of civil procedure by joining, with tenuous allegations, defendants that share no common facts, while Plaintiff simultaneously avoids contributing to the judicial system by circumventing costly filing fees.

On the other hand, Plaintiff has attempted to extract low settlements from thousands of defendants, throughout the nation, in such a way that it makes little economic sense for the defendants to resist settling with the Plaintiff even if they did nothing wrong.  A cursory analysis of the other cases similar to this one indicate that the Plaintiff has no intention of actually pursuing a lawsuit against the defendants.   Rather, the Plaintiff wants to simply threaten

unsophisticated defendants with expensive litigation and the stigma of having their names tarnished by being associated with obscene pornographic movies. This Court should not condone or permit such activity.

For the reasons set forth above, Defendant respectfully requests this Court **GRANT** the Defendant's Motion and provide Defendant the following relief:

(1) Dismiss the Defendant, or in the alternate, sever Defendant due to Plaintiff's failure to make a *prima facie* showing of personal jurisdiction and the improper joinder of 245 defendants;

(2) Quash the subpoena at issue;

(3) To the extent a subpoena is not quashed, grant a protective order sealing and preventing the disclosure of any information obtained through a subpoena;

(4) Sanction Plaintiff and award Defendant reasonable attorney's fees incurred with bringing this Motion; and,

(5) Provide any further relief to Defendant that is just and proper.


Respectfully submitted this __3rd__ day of February, 2012.


        /s/Yasha Heidari
          Yasha Heidari
          Georgia Bar No. 110325
          Attorney for Defendant John Doe 148

HEIDARI POWER LAW GROUP LLC
P.O. Box 79217
Atlanta, Georgia 30357
telephone:    404-939-2742
facsimile:     404-601-7852
email:         yasha@hplawgroup.com