UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGITAL SIN, INC. )<br>21345 Lassen Street )<br>Chatsworth, CA 91311 )<br>    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>DOES 1 – 245    )<br>    )<br>    Defendants.    ) | Civil Action No. 11-CV-8170-CM<br><br>OPPOSITION TO MOTION TO<br>DISMISS OR SEVER OF DOE 148 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DOE NUMBER 148's MOTION TO DISMISS OR SEVER THE MATTER, QUASH, AND FOR A PROTECTIVE ORDER**

Plaintiff Digital Sin, Inc., filed a Complaint against John Does who have traded the same file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network).

On February 3, 2012, Doe Number 148 filed a Motion to Dismiss or Sever for Misjoinder and Motion to Quash the Subpoena. While distorting and twisting Plaintiff's allegations in the Complaint and supporting documents, Doe Number 148's foremost argument is that Plaintiff failed "to make a prima facie showing alleging personal jurisdiction." It appears that Doe Number 148 is misleading this Court: <u>Attached are 3 separate IP locator reports, each showing that Doe Number 148 is located in New York, NY</u>. *Exhibits 1, 2 & 3*. While such IP locators are not 100% accurate, other courts have accepted such a showing as sufficient to support jurisdiction and venue. See *See Nu Image, Inc. v. Does 1 – 23,322*, No. 1:11-cv-301 (D.D.C. July 29, 2011). Before filing the present action, Plaintiff undertook efforts to ensure that all listed John Does are New York residents, as explained in the Complaint and the technology declaration of Jon Nicolini.

1

Also, it appears that Doe Number 148 failed to review the specific allegations in the Complaint and in the attached *Declaration of Jon Nicolini*. Doe Number 148 cites cases that are inapposite and overlooks crucial distinctions, including that (a) the Does in this case all traded not just the same Motion Picture, but <u>the exact same file</u> as identified by the Hash Mark. Plaintiff specifically pled and provided support for the allegation that all Doe Defendants engaged in related transactions because all traded precisely the same file; (b) all Defendants reside in New York; and (c) the cases cited by Doe Number 148 in support of his Motion can easily be distinguished on the facts, as they all concern cases where (i) Defendants merely committed the same or similar offenses but did not distribute the exact same file; and/or (ii) Defendants were likely not subject to the jurisdiction of the Court by virtue of their residence elsewhere; and/or (iii) the case involved multiple copyrighted works.

Doe Number 148 asks that this Court (1) "dismiss the action against the Defendant and … sever the Defendant because a prima facie showing of personal jurisdiction has not been made …"; and (2) "quash the subpoena seeking the personal information of Defendant."

Doe Number 148's Motion should be denied.

**I. <u>Doe Number 148 Lacks Standing to Challenge the Subpoena</u>**

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. *See Fed.R.Civ.P. 45*(c)(3)(B). See also *Robertson v. Cartinhour*; 2010 U.S. District LEXIS 16058 (D. Md. 2010) (Day, MJ) (*unreported*). Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). *See Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206

F.3d 392 (4th Cir., 2000). The only information sought through the Subpoena at issue are the Doe defendants' names, addresses, phone numbers, e-mail addresses and Media Access Control (MAC) numbers. This information has already been shared by the Doe Defendants with their respective ISPs. Further, the Doe defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*.

Therefore, Doe Number 148 lacks standing.

## II. Plaintiff Did in Fact Make a Showing of Personal Jurisdiction, as Confirmed by the Fact that Three Separate IP Locator Services Place John Doe 148 in New York City.

It appears that John Doe Number 148 did not read the Complaint and the attached technology declaration of Jon Nicolini:

> 4.   To ensure that venue and jurisdiction are proper, Plaintiff, through its agents and representatives, has undertaken efforts to only identify alleged infringers who are within or near the geographic location of the Court. *See attached Declaration of Jon Nicolini, Exhibit B*. […]
> 14.   By using geo-location technology, Plaintiff has attempted to ensure that the IP addresses are likely within the geographic location of the Court. The time period during which the identified illegal downloads occurred is limited to ensure commonality amongst the Defendants. The Defendants so identified downloaded the copyrighted work as part of the same series of transactions or occurrences and are thus specifically and directly related. *Complaint, paras. 4 & 14*.

> 5.   I personally conducted a random batch test of the purported locations of the IP addresses in Exhibit A to ensure that the Defendants likely reside within the jurisdiction of the Court or can be found there, or a substantial part of the events alleged occurred or had an effect within the jurisdiction of the Court. I checked the locations through the IP locators at http://www.ip-address.org and/or http://www.arin.net and/or http://www.ipligence.com. *Verification by attorney of record, para. 5.*

> 23.   CEG sent DMCA notices as described above to the ISPs with respect to all the Doe Defendants in the case.  None of the ISPs provided the names and addresses of the Doe Defendants to CEG.  However, we could determine that the Doe Defendants in this case are likely within or near the geographic location of the court. *Declaration of Jon Nicolini, para. 23.*

Further, it appears that Doe Number 148 is misleading this Court: <u>Attached are 3 separate IP locator reports, each showing that Doe Number 148 is located in New York, NY</u>. *Exhibits 1, 2 & 3*. While such IP locators are not 100% accurate, other courts have accepted such a showing as sufficient to support jurisdiction and venue. See *See Nu Image, Inc. v. Does 1 – 23,322*, No. 1:11-cv-301 (D.D.C. July 29, 2011). Here, Doe Number 148's location in New York has been confirmed by multiple sources.

Doe Number 148 refers to the so-called *Digiprotect* cases, and discusses matters wholly inapposite. *See Digiprotect USA Corp. v. John/Jane Does 1-266*, 10 Civ. 8759 (TPG) (April 13, 2011) ("Digiprotect I") & *Digiprotect USA Corp. v. John/Jane Does 1-240* (PAC) (September 26, 2011) ("Digiprotect II"). In those cases, the Plaintiff lumped Doe defendants from different parts of the U.S. together. In *Digiprotect I*, Plaintiff alleged that its injury had occurred in New York and because of the nature of peer-to-peer file sharing, New York residents were likely involved. Only 20 to 25 of the 266 IP addresses were located in New York. In *Digiprotect II*, only 10 of the 240 IP addresses were located in New York, and Plaintiff Digiprotect argued that there is jurisdiction if any one Doe resides in New York. *See Digiprotect II*, slip op. at 5.

Unlike the *Digiprotect* cases, all Doe defendants in the present case reside in New York, and jurisdiction is thus proper. *N.Y. C.P.L.R. Section 301 (general jurisdiction requires that the defendant reside, do business, or be served with process while in New York)*. Plaintiff has made a *prima facie* showing of jurisdiction over the Doe defendants. *See attached Declaration of Jon Nicolini, as well as discussion above.*

**III. <u>Plaintiff Properly Joined the Individual Defendants Because the Alleged Acts Arise out of the Same Transaction, Occurrence, or Series of Transactions</u>**

Doe Number 148 then challenges joinder. Again, Doe Number 148 appears to have failed to read the Complaint and pertaining documents. He cites cases that are inapposite because in this case the John Does have traded the exact identical file of the Motion Picture as identified by the Hash Mark, and all reside in New York.

In rulings in similar cases, courts have pointed to the large number of cases supporting joinder. *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case involving over 1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*, Civ. No. 11-57(CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011) (same).

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. *Fed. R. Civ. P. 20(a)(2)*.

Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The Court may sever improperly joined parties at any time. However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Applying the two requirements for permissive joinder under Federal Rule 20(a)(2) to the present case, at this procedural juncture, joinder of the Doe Defendants is proper:

5

First, permissive joinder expects that the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff alleges that each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally uploaded and downloaded Plaintiff's copyrighted movie. *See Complaint* paras. 4, 5, 7, 8. Each Doe Defendants traded the exact same file, as identified by the cryptographic "Hash Mark" which serves as a digital finger print. *Complaint* para. 8, *Nicolini Declaration* para. 8. Plaintiff alleges that each Defendant directly interacted and communicated with other members of that swarm. *Complaint* paras. 7, 8; *Nicolini Declaration* paras. 7, 22. Plaintiff further alleges that once a Defendant has downloaded the full copyrighted work, the Defendant becomes known as an "additional seed" and continues to distribute the torrent file containing the copyrighted work. *Complaint* paras. 7, 8; *Nicolini Declaration* paras. 6, 7. Finally, Plaintiff alleges (and provides support for its allegation) that it has only sued Defendants in the exact same swarm, *i.e.*, Defendants who participated in downloading or transmitting the same unique version of Plaintiff's movie. *Complaint* para. 8, *Nicolini Declaration* paras. 18, 22. Plaintiff explains that such identification is possible through the use of forensic software that identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash Mark" which serves as a digital finger print. *Complaint* para. 8, *Nicolini Declaration* para. 8.

Therefore, Plaintiff has sufficiently alleged that the Doe Defendants used the same file-sharing device at around the same time to copy the exact identical file of Plaintiff's Motion Picture. Furthermore, Plaintiff has alleged not only that each Doe played a role in the collaborative effort of distributing Plaintiff's movie, but that each of the Doe Defendants may have directly facilitated the download of Plaintiff's Motion Picture by another of the Doe Defendants. *Complaint* para. 8, 16; *Nicolini Declaration* para. 7. *See Call of the Wild Movie*, 770

F. Supp. 2d 332, 343 (D.D.C. 2011) (finding joinder proper where "[e]ach putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to other putative defendants").

Second, for permissive joinder, Federal Rule 20(a)(2)(B), requires that Plaintiff's claims against Defendants contain common questions of law or fact. Plaintiff meets this requirement in the present case because it asserts identical claims against the Doe Defendants. Even though the Doe Defendants may possibly present different factual issues at a later stage in the litigation, the commonality of legal claims at this time supports joinder. The factual issues are not expected to be very different. Copyright infringement is determined without regard to the intent or the state of mind of the infringer; "innocent" infringement is infringement nonetheless. The innocence or willfulness of the infringing activity may be relevant with regard to the award of statutory damages. *See* 17 U.S.C. § 504(c).

The interests of judicial efficiency weigh in favor of joining these claims, and doing so may also be beneficial for the Doe Defendants. *See London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

In a "swarm" copyright infringement case decided by Judge Howell, *Voltage Pictures, LLC v. Does 1-5000*, 2011 U.S. Dist. LEXIS 50787 (D.D.C. May 12, 2011), the court distinguishes the cases that ordered severance, and notes that BitTorrent file sharing uses a "swarm" of infringers. In that case, the court denied motions to quash by several defendants. Judge Howell explained, at 2011 U.S. Dist. LEXIS 50787, at [*35]-[*39], as follows (emphasis added):

Some courts in other jurisdictions have granted motions by putative defendants for severance in analogous copyright infringement cases against unknown users of peer-to-peer file-sharing programs for failure to meet the 'same transaction or occurrence test' in Rule 20(a)(2). Those courts have been confronted with bare allegations that putative defendants used the same peer-to-peer network to infringe copyrighted works and found those allegations were insufficient for joinder. See, e.g., IO Grp., Inc. v. Does 1-19, No. 10-03851, 2010 WL 5071605, at *8-12 (N.D. Cal. Dec. 7, 2010); Arista Records, LLC v. Does 1-11, No. 07-cv-2828, 2008 WL 4823160, at *6 (N.D. Ohio Nov. 3, 2008) ('merely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules.'); LaFace Records, LLC v. Does 1-38, No. 5:07-cv-298, 2008 WL 544992, at *3 (E.D. N.C. Feb. 27, 2008) (severing putative defendants in file-sharing case not involving BitTorrent technology, noting that 'other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper.'); Interscope Records v. Does 1-25, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (adopting Mag. J. Report and Recommendation at Interscope Records v. Does 1-25, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)). That is not the case here.

The plaintiff has provided detailed allegations about how the BitTorrent technology differs from other peer-to-peer file-sharing programs and necessarily engages many users simultaneously or sequentially to operate. See Columbia Pictures Indus. v. Fung, No. 06-5578, 2009 U.S. Dist. LEXIS 122661, at *7 (C.D. Cal. Dec. 21, 2009) (*BitTorrent 'is unique from that of previous [P2P] systems such as Napster and Grokster. Rather than downloading a file from an individual user, [BitTorrent users download] from a number of host computers that possess the file simultaneously. . . . The BitTorrent client application simultaneously downloads the pieces of the content file from as many users as are available at the time of the request, and then reassembles the content file on the requesting computer when the download is complete. Once a user downloads a given content file, he also becomes a source for future requests and downloads.'*). Specifically, BitTorrent creates a 'swarm' in which 'each additional user becomes a part of the network from where the file can be downloaded . . . [U]nlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole.' Second Am. Compl., ¶ 3.

At least one court has not been persuaded that allegations of copyright infringement by users of BitTorrent satisfy the requirement of Rule 20. See, e.g., Lightspeed v. Does 1-1000, No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the 'same transaction, occurrence, or series of transactions or occurrence' under FED. R. CIV. P. 20(a)(2)(A)); Millennium TGA Inc. v. Does 1-800, No. 10-cv-5603, 2011 U.S. Dist. LEXIS 35406, at *3-5 (N.D. Ill. Mar. 31, 2011) (same). In those cases, the court did not discuss the precise nature of the BitTorrent technology, which enables users to contribute to each other's infringing activity of the same work as part of a 'swarm.' In any event, by contrast to the instant claim of infringement of a single copyrighted work by the putative defendants, the plaintiffs in Lightspeed and Millennium TGA Inc. alleged infringement of multiple works, a factor that may undermine the requisite showing of concerted activity to support joinder.

Here, as in *Voltage Pictures*, Plaintiff alleges that the Doe Defendants have acted in cooperation with each other (i.e., in concert), and Plaintiff's expert, Jon Nicolini, so explained. See *Declaration of Jon Nicolini*, paras. 6 and 22. In this case the John Does are even more closely linked than the John Does in *Voltage Pictures*, because in this case all John Does traded the exact same file. Thus, joinder is proper in this case, particularly at this early stage of litigation.

### IV. This Subpoena Should Not Be Quashed

Next, Doe Number 148 argues that the Subpoena should be quashed because of "the risk to the Defendant of annoyance, embarrassment and oppression." *Memorandum, page 18 of 20*. If such an argument were available in the legal realm, all thieves who get caught will cheerfully argue that it is an annoyance to pay for the value of the goods that they stole and the cost of prosecution.

However, Plaintiff does respect the privacy of John Does in these cases:

(a) Plaintiff's counsel does not object when John Does file motions to quash or dismiss anonymously;

(b) Plaintiff's counsel does not require John Does and their attorneys to disclose the John Doe identity in settlement negotiations;

(c) Plaintiff's counsel does not initiate contact with John Does by telephone; and

(d) Plaintiff's counsel files all dismissals only by Doe Number and IP address.

### V. Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Dismiss or Quash Subpoena submitted by Doe Number 148.

A proposed order will be submitted separately.

Respectfully submitted this 4th day of February, 2012.

                                    FOR THE PLAINTIFF:

                                    By:   /s/ Mike Meier
                                    Mike Meier (Bar ID MM9295)
                                    The Copyright Law Group, PLLC
                                    4000 Legato Road, Suite 1100
                                    Fairfax, VA 22033
                                    Phone: (888) 407-6770
                                    Fax: (703) 546-4990
                                    Email:
                                    mike.meier.esq@copyrightdefenselawyer.com

                                    ATTORNEY FOR PLAINTIFF

**EXHIBITS:**

    (1) IP location search from www.ip-address.org, showing that Doe Number 148 is located in New York City.

    (2) IP location search from cqcounter.com/whois, showing that Doe Number 148 is located in New York City.

    (3) IP location search from ip-address-lookup-v4.com, showing that Doe Number 148 is located in New York City.

**CERTIFICATE OF SERVICE**

I hereby certify that on 4 February 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will additionally serve a copy by facsimile upon counsel:

Yasha Heidari
Heidari Power Law Group, LLC
P.O. Box 79217
Atlanta, GA 30357

Facsimile: 404-601-7852


By:     /s/ Mike Meier
       Mike Meier (Bar ID MM9295)
       The Copyright Law Group, PLLC
       4000 Legato Road, Suite 1100
       Fairfax, VA 22033
       Phone: (888) 407-6770
       Fax: (703) 546-4990
       Email:
       mike.meier.esq@copyrightdefenselawyer.com

       ATTORNEY FOR PLAINTIFF